REID, ET AL. *v.* JACKSON.

[Abstract Kentucky Law Reporter, Vol. 6—743.]

**Subrogation.**

> Where A holds purchase-money notes and a lien on land and when the notes fall due B borrows money from C to pay them, giving his note to C therefor with D as surety and D finally has to pay the note, he can not be subrogated to any one's rights, and where B is discharged in bankruptcy D has no remedy.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 30, 1885.

OPINION BY JUDGE LEWIS:

Previous to January 13, 1872, appellee, Jackson, purchased of McKinley a tract of land, executing his notes for the purchase price, and received from the vendor a title bond. But being unable to meet one of the notes when it fell due, he borrowed of one Jones $600, which was applied to the payment of it, giving his promissory note therefor with appellants as his sureties, which is as follows:

"$600.                                    Jan. 13, 1872.

"One day after date we or either of us promise to pay G. H. Jones six hundred dollars, it being borrowed money for the first land note bearing eight per cent. from date."

In 1877, judgment was rendered on the note given to Jones, and the execution thereon was satified by appellants. And in September, 1878, they commenced this action to recover judgment against Jackson for the amount so paid by them as his sureties, and to enforce an alleged lien on the land purchased by him of McKinley, to satisfy the judgment sued for.

During the pendency of the action and before the judgment appealed from was rendered, McKinley and one Smock filed answers and cross-petitions, the former claiming a balance of the original purchase money to be still unpaid, and asking to have the lien therefor enforced; and the latter setting up a mortgage lien on a portion of the land, to satisfy a debt due to him by Jackson.

The questions arising on this appeal are between Jackson and his sureties in the note to Jones, neither McKinley nor Smock being parties before this court. We do not, however, consider them indispensable parties to this appeal, inasmuch as the questions presented may be determined without regard or prejudice to their rights which are not involved.

As Jackson has obtained a discharge in bankruptcy from the United States District Court for the District of Kentucky, the land purchased by him of McKinley would not be subject to sale under execution for the satisfaction of the debt of appellants, even if not exempted by virtue of the homestead law of this state.

If it can be subjected at all, it must be by reason of the existence, prior to the adjudication in bankruptcy on Jackson's petition, of such a lien in favor of appellants, as is recognized and enforcible under the laws of this state. And whether there did exist such a lien, is the only question.

It is stated in appellant's petition and amended petition, that the money borrowed from Jones was used to pay off one of the purchase money notes given to McKinley for the land, and in order to obtain the loan, Jackson applied to appellants to become

his sureties on the note to Jones, at the same time representing to them that they should have a lien on the land in question, to secure them against loss by reason of becoming his sureties. And that the insertion in the note to Jones the words "it being borrowed money for the first land note," was done to show that the money was purchase money, and to give appellants a lien upon the land. It is further alleged that it was expressly agreed between Jackson and appellants, at the time the note was executed, that they were to have a lien.

No lien on the land to satisfy the note given to Jones ever existed. Nor was he in any way connected with the sale of the land. The money for which the note to him was executed was simply loaned by him to Jackson, and by the latter applied to the payment of one of the notes for the purchase money held by McKinley, who was the vendor and did have a lien on the land. To substitute appellants to the rights of the obligor Jones would not avail them for he never held a lien on the land. They did not pay nor were they bound to pay any of the notes given to McKinley for the land, and consequently not being the sureties of Jackson to McKinley, they are not entitled to be substituted to the lien of the latter, by reason of having satisfied the debt due to Jones. If entitled to a lien at all it is in virtue of the parol promise by Jones, which in our opinion is not sufficient to create a charge or encumbrance upon real estate.

It does not necessarily follow that because the homestead of a debtor may be liable, either because it is for the purchase money, or because it was created before the acquisition of the homestead, that a lien exists upon it. Though in this case but for the discharge in bankruptcy of Jackson, the land might probably have been subjected to the payment of the debt of appellants it could not have been in virtue of a lien or encumbrance pre-existing.

Judgment *affirmed*.

*Kohn & Barker, for appellants.*

*C. B. Seymour, for appellee.*

[Cited, *Trimble v. Puckett,* 93 Ky. 222, 14 Ky. L. 209, 19 S. W. 591; *Flannery v. Utley,* 9 Ky. L. 583, 5 S. W. 873; *Lane v. Lloyd,* 33 Ky. L. 570, 110 S. W. 401.]